IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BENNIE FORD,**

       Petitioner,

v.                                                                         Civil Action No. 5:08cv75
                                                                             (Judge Stamp)

**JOE DRIVER, Warden,**
**HARLEY LAPPIN, Director,**
**FEDERAL BUREAU OF PRISON, "et al",**

       Respondents.

## OPINION/REPORT AND RECOMMENDATION

On March 31, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on the same date that he filed the petition. This matter is before the undersigned for a preliminary review and Report and Recommendation pursuant to LR PL P 83.09.

### I. BACKGROUND

Following a jury trial, the petitioner was convicted in the United States District Court for the Northern District of Ohio of being a Felon-in-Possession, in violation of 18 U.S.C. § 922(g)(1). On June 5, 2007, the petitioner was committed to the custody of the Bureau of Prisons for a period of 120 months with a period of 3 years supervised release to follow.[1] The petitioner is currently incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia.

### II. THE PETITION

The petitioner alleges that the respondents have failed to respond to his numerous requests

---

[1] Information regarding the petitioner's conviction is available through Pacer by referencing 1:05-c-00260-DAP-1.

1

to produce the bonds from his criminal case, assigned to cuspid no. 279689805. The petitioner further alleges that this failure is a breach of their fiduciary duty, a violation of their oath of office and public policy. As relief, the respond requests this "honorable court and the Respondents produce the bond(s) for the purpose of discharging these securities and for the settlement and closure of account no. 1:05cr260. (Doc. 1, p. 1).

### III. Analysis

A petition for writ of habeas corpus under 28 U.S.C. § 2241 provides the appropriate avenue to challenge the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Moreover, a § 2241 petition must be brought against the petitioner's custodian. See Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) ("[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in...custody").

In this case, the petitioner does not challenge the manner in which his sentence is being executed. Instead, the petitioner requests that the court and respondents produce the bond(s) for purposes of discharging these securities and to settle and close the account in his criminal case. In addition, although the petitioner asserts that the respondents have refused to produce the bond, thereby insinuating that the bond is in their possession, it is clear that the Warden of the petitioner's place of incarceration,[2] would not hold any bond issued in the petitioner's underlying criminal proceedings held in federal court. Rather, any such documentation would be held by the Court, the

---

[2]The only proper respondent in a §2241 petition is the petitioner's custodian. In this case that would be the warden of USP Hazelton. However, it is no more likely that the director of the BOP or the BOP, itself, would have possession of the bond(ss) in question.

United States Attorney's Office, or the Probation Office in the Northern District of Ohio where the petitioner was convicted and sentenced. Accordingly, the undersigned finds that the petitioner's claims are not properly raised under § 2241, and the petition is due to be dismissed.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be **DENIED** and **dismissed with prejudice.**

Any party may file, within ten (10) days after being served with a copy of this 0Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable, Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: July 3, 2008

 /s/ James E. Seibert
 JAMES E. SEIBERT
 UNITED STATES MAGISTRATE JUDGE