IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BENNIE FORD,

    Petitioner,

v.                                Civil Action No. 5:08CV75
                                       (STAMP)

JOE DRIVER, Warden,
HARLEY LAPPIN, Director
FEDERAL BUREAU OF
PRISONS, "et al",

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On March 21, 2008, Bennie Ford, an inmate at the Hazelton United States Penitentiary, in Bruceton Mills, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice because § 2241 is not the proper vehicle for the petitioner's claims. The magistrate judge advised

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections.

II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

In this case, the petitioner alleges that the respondents have failed to return the bonds assigned to his criminal case in breach of their fiduciary duty and in violation of their oath of office and public policy. As relief, the petitioner seeks the return of the bonds.

The magistrate judge found that § 2241 does not provide a basis for the relief sought by the petitioner. Upon a de novo

review of the record, this Court agrees. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 for the purpose of challenging the manner in which a prison sentence is being executed. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). In this case, the petitioner asserts no challenge to the manner in which his sentence is being executed. Rather, he seeks production of the bonds from his criminal case and asks this Court to order the respondents to produce them. Section 2241 is not the appropriate legal channel for obtaining the relief he seeks. Accordingly, the petitioner's § 2241 petition must be denied and dismissed.

In his objections, the petitioner argues that the remedy he seeks is to redeem his bonds and that the only way he can redeem them is for those who currently hold the bonds to return them to him. He claims that magistrate judge erred by ignoring this fact and that, therefore, a § 2241 petition is the appropriate mechanism for seeking the return of the bonds. The petitioner's objections lack merit. However accurate the petitioner's analysis may or may not be, the fact remains that the allegations in his § 2241 petition in no way challenge the execution of his sentence. Therefore, as a matter of law, the petitioner may not seek the return of his bonds by way of a § 2241 petition.[2]

---

[2]This Court makes no findings concerning what other legal bases, if any, may provide the proper vehicle for the relief the petitioner seeks.

III. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 2, 2009

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE